*221 ORDER (Petition for Minor Per Capita Distribution Denied)
JOAN GREENDEER-LEE, Associate Judge.
This is a case regarding a request, by a mother of a 13 year old Ho-Chunk enrolled child, to utilize a portion of the child’s trust fund to pay for a down payment on a home mortgage. This Court must determine if this Petition meets the “special need” standard required by the HCN Amended Per Capita Distribution Ordinance Fiscal Year 1995-1996, § 6.01(b). Ms. Celena Mitchell presented this Petition in the interest of Zachary Mitchell after consultation with her son. The Honorable Joan Greendeer-Lee of the Ho-Chunk Nation [hereinafter HCN] Trial Court heard the petitioner on May 27, 1997, Celena Mitchell, the petitioner appeared telephonically, and Sheila Corbine, Attorney from the Department of Justice for the respondent HCN Enrollment Department, appeared in person.
APPLICABLE LAW
HCN Amended Per Capita Distribution Ordinance Fiscal Year 1995-1996
Section 6.01 Minors and other legal incompetents.
(a) The interests of minors and other legally incompetent Members, otherwise entitled to receive per capita payments shall be disbursed as follows. Within sixty (60) days of passage of this Ordinance a Children’s Trust Fund, which shall be irrevocable, shall be established for each minor Member and legally incompetent adult Member eligible for per capita payments. The Ho-Chunk Nation Legislature shall select a Trustee with suitable expertise and discretion to administer the CTFs. Trust assets shall be invested in a reasonable and prudent manner whieh protects the principal and seeks a reasonable return. The Trustee shall disburse the proportional assets of each CTF to the beneficiary thereof upon reaching the age of eighteen (18); this provision shall not operate to compel disbursement of funds to Members legally determined to be incompetent.
(b) Funds in the CTF of a minor or legally incompetent member shall be available for the benefit of a beneficiary’s health, education and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement program, and upon a, finding of special need by a court of competent jurisdiction or, in the absence of such a court, by the Ho-Chunk Nation Legislature. In order to request such funds, a written request must be submitted to the Nation by the beneficiary’s parent or legal guardian. The parent or legal guardian shall maintain records sufficient to demonstrate that the funds disbursed were expended as required by this Ordinance and any applicable federal law.
Id. (Emphasis added).
FINDINGS OF FACT
1. Zachary Mitchell is 13 years old (d.o.b.01/22/84) and is an enrolled Ho-Chunk member, Tribal Id. # 439A005202.
*222 2. Celena Mitchell, the petitioner, is Zachary’s mother; they reside in Indianapolis, Indiana.
3. The petitioner requested the release of monies from Zachary’s trust account in the amount of $16,000.00 for the following:
$10,000.00 mortgage down payment,
$ 2,000.00 closing costs,
$ 300.00 inspection fee,
$ 1,700.00 new washer, dryer and refrigerator,
$ 500.00 moving expenses,
$ 1,500.00 car purchase.
4. Ms. Mitchell is employed as an office clerk and has an hourly wage of $7.75 per hour.
5. Ms. Mitchell received a letter and form from Rachel Winneshiek, HCN Housing & Public Works Office, to apply for assistance through the Home Ownership Program; Ms. Mitchell declined the application because she thought another family could use the funds; She stated that she accepts no hand-outs.
6. As of May 27, 1997, Zachary Mitchell’s account shows a total funds in an amount to equal to $16,896.89.
DECISION
The petitioner pleaded with the Court to consider releasing monies from her minor son’s per capita trust fund. Ms. Mitchell requested $16,000.00 from her son’s trust account. The monies would go towards the purchase of a home (a down payment, closing and inspection fees, and moving expenses), major household items (washer, dryer and refrigerator) and a car. The respondent would not object to this Petition if the petitioner offered documentation to determine the scope of the beneficiary’s special need. The petitioner carries the burden of showing this Court that the monies from the trust account would benefit the ward’s special needs that could not be met through the exhaustion of state or federal entitlement funds or tribal funds pursuant to HCN Amended Per Cap-ita DistRibution Ordinance § 6.01(b).
The guardian/mother, Celena Mitchell, has made a Petition for the release of per capita funds for the benefit of her son. The Court cannot grant the release of such per capita distribution funds since Ms. Mitchell has not exhausted other funds. As identified in Marian Blackdeer v. Ho-Chunk Nation Enrollment Dept., CV 96-27 (HCN Tr. Ct., August 22, 1996), the Court is ensuring that an adult incompetent or minor child, through his guardian, has the benefit and use of funds deposited and held in trust on his behalf. The Department of Justice, during the Hearing and in its answer, acknowledge that the Nation will not deny a parent/guardian’s receipt of trust funds on behalf of a minor child when the petitioner has met the two prong test identified as (1) needs of such person are not being met from other Tribal funds, or other state or federal public entitlement programs, and (2) upon a finding of special need by a court of competent jurisdiction. Id. at 5.
Ms. Mitchell has not met the burden of proving that sufficient evidence indicates that she, as petitioner seeking trust monies on behalf of her minor son, met the two prong test. At the Hearing, Ms. Mitchell acknowledged that she did not and was not willing to seek funding for her Petition by exhausting other tribal funds or other state or federal public entitlement programs. Although the funds may provide for the beneficiary’s health, education and welfare, the petitioner has failed to seek funds known to be available through other tribal programs such as the HCN’s Home Ownership Program [hereinafter HOP]. The petitioner admitted to receiving a HOP application, but she refused such funding sources since she doesn’t take hand-outs. Ms. Mitchell offered that the money can go towards some family that *223 needs the money. Secondly, Ms. Mitchell has not sought out a HCN tribal loan. The Court has drawn from these offers of proof, the petitioner must seek out these other tribal funds resources.
This Court is sympathetic to Ms. Mitchell’s request. Pursuant, to the HCN Amended Per Capita Distribution Ordinance § 6.01(b), the Court must establish a finding that the petitioner also sought out other funding sources before this last resort financial effort. The Court urges the petitioner to complete and submit the HOP application because the HOP offers a mortgage with a minimal interest rate and it is not a hand-out. The Court also suggests that the petitioner file for a tribal loan that carries a low interest rate. Upon a showing to this Court that such funds which provide for the health, welfare and education of the minor child are unavailable to the ward, the minor child should be afforded access to the same and similar resources as minors under the HCN Per Capita Ordinance, § 6.01(b).
This Court will reconsider this Petition upon the showing that the petitioner was refused funding through the Nation’s HOP and tribal loan program. The petitioner must file a Motion for Reconsideration along with the supporting documentation indicating the denial from the two tribal programs.
All parties have the right to appeal a final judgement or order of the Trial Court. If either party is dissatisfied with the decision rendered by this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) days of the date of this Order. The Notice of Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court and must explain the reason the party appealing believes the decision appealed from is in error. All appellate pleadings to the Ho-Chunk Supreme Court must be in conformity with the Ho-Chunk Nation Rules of Appellate Procedure.